IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-37-D
No. 7:10-CV-191-D

| | |
|---|---|
| RANDY J. LINNIMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

On September 24, 2010, Randy J. Linniman ("petitioner" or "Linniman"), a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 46]. On November 11, 2010, the United States ("respondent" or "government") moved to dismiss Linniman's motion [D.E. 50]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Linniman of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 51]. On December 1, 2010, Linniman responded in opposition to the government's motion and requested that the court appoint counsel to represent him [D.E. 52]. On November 10, 2011, Linniman filed an addendum to his motion in which he added a claim for relief pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 55]. As explained below, the court grants the government's motion to dismiss Linniman's claims and denies as moot Linniman's request for the appointment of counsel.

I.

On March 28, 2007, a federal grand jury in the Eastern District of North Carolina indicted Linniman for three counts of knowingly and unlawfully making a firearm in violation of 26 U.S.C. §§ 5841, 5861 and 5871; one count of knowingly and unlawfully transferring a firearm and a

silencer, in violation of 26 U.S.C. §§ 5812, 5861(e), and 5871; one count of possession of firearms having removed, obliterated, changed and altered serial numbers, in violation of 18 U.S.C. §§ 922(k) and 924; and one count of corruptly altering, destroying, mutilating, and concealing a firearm silencer and firearm with the intent to impair those objects' integrity and availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(c)(1). Indictment [D.E. 2] 1–4. On July 16, 2007, Linniman pleaded guilty to count four in the indictment, which alleged that Linniman had knowingly and unlawfully transferred a firearm, and count five, which alleged that Linniman had knowingly possessed firearms after having corruptly removed, obliterated, changed, and altered the weapons' serial numbers [D.E. 17]. Linniman entered his guilty plea pursuant to a written agreement. Plea Agreement [D.E. 18]. The agreement stated the maximum terms of imprisonment permitted for the offenses to which Linniman was pleading guilty. Id. 4–5. In the agreement, Linniman acknowledged his understanding that the court could impose a sentence of up to the maximum length allowed by statute for each count, regardless of any recommendation from the government, and that the court's doing so would not allow Linniman to withdraw or change his plea. Id. 3–6. The government also reserved the right to make arguments, offer evidence, and respond to objections at the sentencing hearing. Id. 6.

On October 29, 2007, the government moved for an upward departure, based on a friend of Linniman's having used one of the altered weapons involved in Linniman's offense conduct to commit a murder. Gov't Mot. Departure [D.E. 23] 2–3. On October 31, 2007, Linniman submitted a sentencing memorandum, arguing that the court should consider his military service record when calculating an appropriate sentence. Linniman did not address the government's motion in his memorandum. Def.'s Sent'g Mem. [D.E. 24] 2–5. On November 5, 2007, the court gave notice to Linniman pursuant to Federal Rule of Criminal Procedure 32(h) that it was considering an upward

2

departure or an upward variant sentence. Notice Order [D.E. 26] 1–2. On November 7 and 8, 2007, the court held a sentencing hearing, during which Linniman testified. [D.E. 28–29]. At the close of the hearing, the court granted the government's motion for an upward departure based on sections 5K2.6 and 5K2.9 of the United States Sentencing Guidelines and sentenced Linniman to a term of imprisonment of 168 months. Order [D.E. 30] 15–18.[1] In doing so, the court stated that while it considered the departure appropriate, it would have "alternatively impose[d] the same sentence as an upward variance . . . ." Id. 19 n.6; see United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006).

Linniman appealed his sentence, arguing that the court had not provided him with adequate notice that it was considering an upward departure, that his sentence was unreasonable, and that the court had improperly concluded that an upward departure sentence was appropriate. See United States v. Linniman, 318 F. App'x 224, 225 (4th Cir. 2009) (per curiam) (unpublished). The Fourth Circuit affirmed the sentence, holding that this court had provided Linniman with adequate notice of its intent to upwardly depart or vary, that this court had "provided ample analysis of [its] reasons" for upwardly departing, and that "the extent of [the] departure sentence was reasonable." Id. The Fourth Circuit labeled as "meritless" Linniman's argument that this court had erred in considering "conduct of which he was acquitted in a state jury trial" when calculating the sentence. Id. at 225 n.*.[2]

---

[1] The court departed pursuant to section 5K2.6 based on its finding that Linniman had constructed a weapon that was atypical of most murder weapons. Id. 15–16. The court departed pursuant to section 5K2.9 based on its finding that Linniman had constructed a weapon with, at minimum, "reckless[] disregard[] [to the risk] that it would be used to facilitate or conceal grave harm to someone." Id. 18.

[2] Before being indicted by the federal grand jury, a state jury in Onslow County, North Carolina acquitted Linniman of the state offense of first-degree murder based on many of the same

3

Linniman seeks to vacate his sentence based on the alleged ineffectiveness of his counsel during sentencing. Mot. Vacate [D.E. 46] 3–9. Linniman asserts that his counsel was ineffective in three ways. See id.; Pet.'s Resp. [D.E. 52] 1–3.[3] First, Linniman claims that his counsel failed to notify him of the court's consideration of an upward departure or variance or request a continuance of the sentencing hearing upon receiving the court's Rule 32(h) order. Mot. Vacate 5, 8; Pet.'s Resp. 2. Linniman states that he would have sought to withdraw his plea if his counsel had informed him of the court's inclination to upwardly depart or vary. See Mot. Vacate 8. Second, Linniman claims that his counsel was ineffective during the sentencing hearing. Id. 5–6, 8. Linniman bases this claim on his counsel's failure to call witnesses other than Linniman, failure to adequately cross-examine the government's witnesses, failure to object to the government's cross-examination of Linniman, failure to object to the government's use of the transcript from Linniman's state trial, and allowance of Linniman's testimony without adequate preparation. Id. 5–6, 8–9; see also Pet.'s Resp. 2–3. Third, Linniman claims that his counsel was ineffective in failing to object to the government's breach of the plea agreement. Mot. Vacate 8–9. Linniman, however, does not explain how the government breached the plea agreement. See id. Finally, Linniman requests that the court modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), in order to reflect subsequent modifications of the United States Sentencing Guidelines. See Pet.'s Add. [D.E. 55]. The government moves to dismiss Linniman's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Gov't Mot. 1.

---

events that gave rise to his federal offenses. See Order 9. On direct appeal, Linniman argued that the court erred in basing its departure in part on conduct that had been at issue in the state proceeding. See Linniman, 318 F. App'x at 225 n.*.

[3] Linniman actually raises nine grounds for ineffective assistance. See Mot. Vacate 8–9. However, the nine grounds are grouped into three categories.

4

II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). Although a court "assume[s] the facts alleged in the complaint are true and draw[s] all reasonable factual inferences in [plaintiff's] favor," Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002), a court need not accept a complaint's legal conclusions drawn from the facts. See Iqbal, 129 S. Ct. at 1949–50. Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

The Sixth Amendment right to counsel extends to all critical phases of a criminal proceeding, including a sentencing hearing. See Gardner v. Florida, 430 U.S. 349, 358 (1977); see also Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam); Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must first show that counsel's performance was deficient. See Van Hook, 130 S. Ct. at 16; Strickland, 466 U.S. at 687–91. Counsel's performance was deficient when counsel's representation fell "below an objective standard of reasonableness in light of prevailing professional norms." Van Hook, 130 S. Ct. at 16; see Strickland, 466 U.S. at 688. When determining whether the representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore,

5

the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; see Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). A petitioner must also establish that counsel's deficient performance prejudiced the petitioner. Strickland, 466 U.S. at 687. A petitioner does so by showing that there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id. at 694.

Linniman has not alleged facts that show that his counsel's performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 688. First, Linniman's allegations make clear that his counsel did not act unreasonably in response to the court's consideration of an upward departure or upward variance. Linniman concedes that his attorney notified him of the court's consideration of an upward departure or variant sentence within ten days of the government's filing its motion for such a departure, and within two days of the court's issuing the Rule 32(h) order. See Mot. Vacate 5. Even if such notice was inadequate, Linniman was aware (from both the plea agreement and his Rule 11 proceeding) that the court could impose a term of imprisonment of up to the statutory maximums for the offenses to which he had pleaded guilty. See Plea Agreement 4–5; see also United States v. Shedrick, 493 F.3d 292, 299–300 (3d Cir. 2007) (counsel was not deficient for failing to advise defendant of the court's consideration of an upward departure when defendant's plea agreement had informed defendant that the court could impose a sentence of up to the statutory maximum). Moreover, Linniman does not allege facts suggesting that it was objectively unreasonable for counsel not to request a continuance of his sentencing hearing. See United States v. Chityal, 673 F. Supp. 2d 59, 65 (D. Mass. 2009) (counsel was not ineffective in failing to seek a continuance of a sentencing hearing upon receipt of the court's Rule 32(h) notice when "[c]ounsel was far from unprepared for the sentencing hearing, and there [was] no reason to think that a continuance would have facilitated a more successful outcome"). Finally, it was not objectively

6

unreasonable for Linniman's counsel to not advise Linniman to attempt to withdraw his plea in light of the government's motion, as any such attempt would have been futile. See, e.g., Plea Agreement 5–6.

Second, Linniman's allegations pertaining to his counsel's performance during the sentencing hearing do not suggest that his counsel's performance was deficient. In considering whether counsel's performance was objectively unreasonable, the court recognizes that "[i]n many cases, counsel's decision not to pursue a particular approach at sentencing reflects not incompetence, but rather a sound strategic choice." Lovitt v. True, 403 F.3d 171, 179 (4th Cir. 2005). Specifically, counsel's failure to object to the government's use of the state-court transcript was not objectively unreasonable, in light of the court's freedom to take acquitted conduct into account at sentencing, based upon the lower standard of proof applicable at the sentencing stage. See United States v. Watts, 519 U.S. 148, 155–56 (1997) (per curiam); Linniman, 318 F. App'x at 224 n.*. Moreover, counsel vigorously argued against an upward departure and upward variance. In sum, counsel's actions at sentencing were not objectively unreasonable.

Third, Linniman has not alleged how the government breached the agreement. To the extent that Linniman argues that the government breached the agreement by seeking an upward departure, the government correctly notes that it reserved the right in the plea agreement to make a sentencing recommendation, including a recommendation in favor of an upward departure. See Gov't Mot. 7; Plea Agreement 6. Linniman's threadbare allegation does not suffice to state a claim upon which relief can be granted. See Iqbal, 556 S. Ct. at 1949.

Having determined that Linniman has failed to allege facts that demonstrate that his attorney's performance fell below an objective standard of reasonableness, the court necessarily concludes that Linniman was not prejudiced by any deficiency of his counsel. Therefore, Linniman

7

has failed to state a claim for ineffective assistance of counsel upon which relief can be granted and the court grants the government's motion. The court need not address the government's alternative argument that Linniman's motion is untimely. See Gov't Mot. 4–5, n.1.

Finally, after reviewing section 3553(a) and section 3582(c)(2), the court denies Linniman's request for a sentence reduction.

### III.

In sum, the court GRANTS respondent's motion for dismissal [D.E. 50], and DISMISSES Linniman's motion to vacate his sentence [D.E. 46] and his request for a modification of his sentence [D.E. 55]. Accordingly, the court DENIES AS MOOT Linniman's request for the appointment of counsel [D.E. 52]. The Clerk of Court shall close this case.

SO ORDERED. This _8_ day of February 2012.

JAMES C. DEVER III
Chief United States District Judge